**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **VICKIE HOLLY** | : | **CIVIL ACTION NO. 19-1035** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **BOYD GAMING CORP., ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand filed by plaintiff, Vickie Holly. Doc. 9. The motion is opposed by defendants Boyd Gaming Corporation, Boyd Louisiana Racing, LLC, and Boyd Racing, LLC d/b/a Delta Downs Racetrack, Casino, and Hotel (collectively referred to as "defendants"). Doc. 11. The motion has been referred to the undersigned in accordance with the provisions of 28 U.S.C. § 636 for review, report, and recommendation.

For the reasons that follow, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**BACKGROUND**

Plaintiff filed suit in state court alleging that on July 9, 2018, she was injured when an employee of Delta Downs Racetrack "struck [her] left foot and ankle with a metal rimmed housekeeping cart." Doc. 2, att. 1, pp.4-5, ¶ V. She alleged that she suffered and continues to suffer "physical pain, loss of enjoyment of life, lost wages, and medical expenses" and seeks damages for past, present, and future medical expenses, past, present, and future pain and suffering, and lost wages. *Id.* at pp. 5-6, ¶¶ IX, X.

On August 9, 2019, defendants removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332. Doc. 2. They assert that diversity jurisdiction exists because the amount in controversy exceeds $75,000 and plaintiff is resident of Texas, Boyd Gaming Corporation is a Nevada corporation with its principal place of business in Nevada, and Boyd Racing, LLC and Boyd Louisiana Racing, LLC are citizens of the state of Nevada. *Id.* at p. 2, ¶¶ 2-3.

On September 11, 2019, plaintiff filed the instant motion to remand. Doc. 9. Plaintiff does not challenge the defendants' citizenship allegations but instead contends that this court lacks jurisdiction because the defendants cannot meet their burden of showing that the amount in controversy exceeds $75,000. Doc. 9. att. 1.

In response to the motion to remand, defendants maintain that it is facially apparent from plaintiff's petition that the amount in controversy exceeds $75,000 because plaintiff filed her petition eleven months after the accident and alleged that she continues to suffer pain, loss of enjoyment of life, lost wages, and medical expenses. Doc. 11, p. 4. Defendants argue that eleven months of lost wages combined with medical expenses and general damages support a finding that the jurisdictional amount has been met. Doc. 11, p. 5. Alternatively, defendants submit that the court should consider an affidavit of their attorney which establishes that plaintiff suffered a possible torn peroneal tendon in her ankle/foot and that she refuses to stipulate that her damages are less than $75,000. *Id.* at att. 1, pp. 8-9.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 29 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears

the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing LA. CODE CIV. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that supports a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir.2003). Once the removing defendant has made this showing, the burden shifts to the plaintiff to show to a "legal certainty" that he will not be able to recover the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411-12. The jurisdictional facts supporting removal must be judged at the time of removal. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326,1335 (5th Cir.1995).

Here defendants first argue that it is facially apparent from plaintiff's petition that the amount in controversy exceeds $75,000. We disagree. Plaintiff's petition alleges she suffered "severe left foot pains and injuries; severe left ankle pains and injuries; [and] neck pains and injuries." Doc. 2, att. 1, ¶ IX. She seeks damages for past, present, and future medical expenses, past, present, and future pain and suffering, and lost wages. *Id.* at ¶ X. Her petition does not indicate the type of injuries sustained, the medical treatment provided or recommended, or whether surgery is contemplated. Similarly, the petition fails to set out any information regarding plaintiff's employment, the amount she was earning, or how much time she was unable to work due to her injuries.

Defendants rely on two cases that we find distinguishable from the instant case. In *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) the Fifth Circuit found that plaintiff's petition which alleged damages for "property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" was sufficient to establish jurisdiction. In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000) the Fifth Circuit, likening the case to *Luckett*, found that the petition which alleged damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" supported jurisdiction. In *Gebbia* the Fifth Circuit distinguished its previous decision rendered in *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir.1999), where it found that a petition which alleged "with little specificity" damages for "an injured shoulder, bruises, and abrasions–and unidentified medical expenses" was not sufficient on its face to establish that the amount of damages exceeded $75,000.

We find that the allegations in the petition here are more like those in *Simon*; they are unspecified and do not allege any hospital stay, permanent disability, or disfigurement. Thus, we find that defendants have not met their burden of showing that it is facially apparent that the amount in controversy exceeds $75,000.

Defendants next assert that an affidavit filed by their attorney supports a finding that the jurisdictional amount has been met. The affiant states that he has communicated with counsel for plaintiff and has learned that (1) plaintiff suffered a possible torn peroneal tendon as a result of the accident; and (2) plaintiff is not willing to stipulate that her damages do not exceed $75,000. Doc. 11, att. 1. This is similar to a situation presented to us in *Ory v. British American Ins. Co.*, 2017 WL 4079187 (W.D. La. July 24, 2017). In that case plaintiff also refused to sign a stipulation stating that

her damages did not exceed $75,000; however, in that matter we found that jurisdiction existed based on discovery responses showing the extent of medical treatment and medical expenses incurred and her time missed from work and her hourly employment rate providing significantly more information than provided by defendants here. *Id.* at *2-3.

In the case before the court, the additional information set forth in the affidavit still does not show that plaintiff's damages will exceed $75,000. Defendants have not provided the court with any medical reports, proof of medical expenses, or any documents relative to plaintiff's wage claim. Plaintiff's claims are vague and imprecise and we must conclude that defendants have failed to show by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 9] be **GRANTED**.

Under the provisions of 28 U.S.C. §636 Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429-30 (5th Cir.1996).

THUS DONE this 23rd day of December, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE